# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0495V

| | |
|---|---|
| REBECCA VANDYKE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 11, 2024 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On January 11, 2021, Rebecca VanDyke filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving a tetanus vaccine on July 28, 2020. Petition at 1, ¶ 2, 20. She further alleged that she continued to suffer the residual effects of her SIRVA for more than six months but "has not sought in-person medical treatment with the urgency or frequency she otherwise would have due to safety concerns associated with the COVID-19 pandemic and suggestions and orders from governmental bodies and the health community that limited travel and access to certain

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

medical services." *Id.* at ¶ 17; *accord. Id* at ¶¶ 18, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

In May 2022, While the case was still in Pre-Assignment Review, Petitioner was ordered to file the medical records needed to show she suffered the residual effects of her injury for more than six months. Scheduling Order, filed May 19, 2022, ECF No. 19; Section 11(c)(1)(D)(i) (Vaccine Act's severity requirement). Almost 15-months later, on August 17, 2023, Petitioner filed an affidavit stating that she did not pursue physical therapy ("PT") as recommended by the orthopedist in early November 2020, less than four months post-vaccination, due to the ongoing COVID-19 pandemic. Exhibit 18 at 2, ECF No. 35. She insisted, however, that she continued to experience symptoms until May 2021. *Id.* at 3.

But the medical records from seven PT sessions in September and October 2020 (two to three months post-vaccination) show Petitioner (a teacher) suffered mild symptoms and only slight limitations in range of motion. Exhibit 6. By her last PT session on October 14, 2020, she reported "feel[ing] a little sore today after sitting with poor posture and decorating [her] classroom for work." *Id.* at 17.

After the case was activated and assigned to SPU, I ordered Petitioner to file additional evidence to address the severity requirement as well as other deficiencies related to her claim: the existence of prior right shoulder pain and a potential alternative cause for her symptoms. Scheduling Order, filed Nov. 16, 2023, ECF No. 40; *see* 42 C.F.R. § 100.3(c)(10)(i) (iv) (2017) (first and fourth Qualifications and Aids to Interpretation criteria for a Table SIRVA). On January 17, 2024, Respondent stated that he intended to oppose compensation. ECF No. 19. Two days later, I set another deadline for Petitioner to produce the required evidence.

Petitioner failed to respond, so I issued an order instructing her to show cause why her claim should not be dismissed. ECF No. 43. Regarding Petitioner's argument, that she did not pursue further PT due to her concern related to the COVID-19 Pandemic, I observed that she sought treatment on multiple occasions from July through November 2020, arguably the height of the Pandemic when less was known about the disease's transmutability and a COVID vaccine had not yet been made available to the public. *Id.* at 1-2.

Petitioner has failed to respond to my Order to Show Cause.

**Relevant Legal Standards**

Program compensation is generally limited to vaccine injuries with "residual effects or complications of such illness, disability, or condition for more than 6 months after the administration of the vaccine." Section 13(a)(1)(A)(i).[3] It is often appropriate to resolve any severity issue first, given that it is a threshold requirement for eligibility under the Program. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

In addition, a petitioner always bears the burden of establishing his or her claim by a preponderance of the evidence. *See* Section 13(a)(1)(A); *see also Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1320 (Fed. Cir. 2010). A petitioner may not establish a claim solely based on his or her own assertions, but must also present medical records and supporting evidence. Section 13(a)(1)(A).

It is also a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Here, Petitioner has failed to provide sufficient evidence to meet the Vaccine Program's six-month severity requirement or to counter the evidence of prior right shoulder pain and a viable alternative cause for her symptoms. Furthermore, Petitioner has not provided any justification for her failure to address these deficiencies, even after the issuance of the Order to Show Cause, which warned of the likely dismissal of her claim. And she has not otherwise not complied with orders issued in this matter.

---

[3] Section 11(c)(1)(D) presents two alternative grounds for eligibility to compensation if a petitioner does not meet the six months threshold: (ii) death from the vaccine, and (iii) inpatient hospitalization and surgical intervention. Neither alternative is alleged or implicated in this claim.

**Accordingly, this case is DISMISSED. The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
